**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR PERIL MENDOZA, AKA Pelon Mendoza, | No.   14-72857 |
| Petitioner, | Agency No. A205-719-894 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 13, 2020**

Before:      HAWKINS, GRABER, and CLIFTON, Circuit Judges.

Cesar Peril Mendoza, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for cancellation of

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal, withholding of removal, and protection under the Convention Against Torture ("CAT"). We dismiss in part and deny in part his petition.

Because the BIA did not reach the issue, we need not consider Mendoza's arguments that he demonstrated the requisite good moral character for cancellation of removal notwithstanding a prior California state conviction. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam). We also lack jurisdiction to consider Mendoza's arguments regarding the agency's determination that he failed to show exceptional and extremely unusual hardship to a qualifying family member. *See Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735 (9th Cir. 2012). Although he contends that the BIA incorrectly found that any error in the IJ's analysis regarding his stepson did not result in prejudice, Mendoza has not made out a colorable constitutional claim necessary to invoke our jurisdiction. *See id.* at 736.

Mendoza next contends that the record compels the finding that he would be subjected to persecution in Guatemala on account of his membership in a particular social group consisting of men who have taken concrete steps to oppose gang membership and authority. However, he failed to raise this particular social group before the agency. Because the claim is unexhausted, we lack jurisdiction to review it. *See Ahir v. Mukasey*, 527 F.3d 912, 917–18 (9th Cir. 2008). Mendoza's opening brief does not challenge the agency's determination that his other proposed social

groups were not cognizable. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Finally, Mendoza contends that the BIA erred by concluding he failed to establish that he is eligible for CAT protection. We review this contention under the "highly deferential" substantial evidence standard. *See Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014). The record does not compel the conclusion that Mendoza will more likely than not be tortured if returned to Guatemala. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1058 (9th Cir. 2010). Thus, substantial evidence supports the agency's determination. *See id.*

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**

14-72857